UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at Lexington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:24-cr-00034-SCM-MAS |
| v. | ) | |
| | ) | **ORDER** |
| MISTY DAWN EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Misty Dawn Evans's reported violations of supervised release and United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation, [Dkt. 50].

Evans is cited for violating three of her supervised release conditions. The United States allege that she: 1) "violated Special Condition 3, which required Evans to participate in a substance [abuse] treatment program and follow the rules and regulations of that program"; 2) "violated Mandatory Condition 3, which required her to refrain from the unlawful use of a controlled substance"; and 3) "violated Mandatory Condition 1, which forbids Evans from committing another federal, state, or local crime." [*Id.* at 3–4].

On July 1, 2026, at a hearing before Judge Stinnett, Evans admitted to these three violations. There, Judge Stinnett "found . . . Evans competent to enter a knowing, voluntary, and intelligent stipulation to the violations" discussed above.

[*Id.* at 5]. Further, "Evans admitted the factual bases for the violations", all in accord with a Rule 32.1 proceeding, and the United States successfully "established the reported violations as reflected pursuant to 18 U.S.C. § 3583(e)." [*Id.*].

After weighing the statutory factors required of 18 U.S.C. § 3553(a), [*id.* at 8–11], Judge Stinnett recommended that this Court revoke Evan's current term of supervised release and impose a term of imprisonment of nine months, [*id.* at 11–12]. Following her release from prison, Judge Stinnett recommended an additional term of supervised release lasting twenty-four months "to follow under the conditions previously imposed in the underlying Judgment," and as a "special condition that she participate in a substance use disorder treatment program" for which she qualifies "as determined by the United States Probation Office." [*Id.* at 12].

Finally, Judge Stinnett afforded the parties fourteen days to object to his report, [*id.*]; however, none of the parties elected to do so. Evans initially reserved her right to appear before this Court and make an allocution statement and present other mitigating evidence in support of her violations. [*Id.*]. But she later opted to waive that right by knowingly and voluntarily filing a Waiver of Allocution in which she preserved her right to withdraw her waiver if the Court declined to impose Judge Stinnett's recommendations. [Dkt. 52].

Therefore, the Court having reviewed the record, Judge Stinnett's Report and Recommendation and the absence of any objection thereto, and Evan's Waiver of Allocution, it is hereby **ORDERED** as follows:

1) United States Magistrate Judge Stinnett's Report and Recommendations, [Dkt. 50], is **ADOPTED** as and for the Opinion and Order of the Court.

2) The Court will enter a corresponding Judgment.

Signed this 20th day of October, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky